UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ELVIN BERLE WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:08-CV-243 |
| ) | (PHILLIPS/GUYTON) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 11], and the defendant's Motion For Summary Judgment. [Doc. 19]. Plaintiff Elvin Berle Wesley seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Plaintiff was 45 years of age when the ALJ issued his second of two decisions in this matter (Tr. 21, 83). He is not a high school graduate, but he has work experience as a laborer and janitor (Tr. 118, 372). Plaintiff takes the position that he has been disabled since May, 2005, due

to diabetes, hypertension and renal failure [Doc. 14, pg. 2-3]. He alleges that he has been diagnosed with "endstage renal disease", requiring him to be on dialysis three days a week.

**ANALYSIS AND BASIS FOR REMAND**

The Court finds that a remand is appropriate and necessary in this case for the ALJ to consider medical evidence submitted after the ALJ's second decision.

After the ALJ's second decision, plaintiff's counsel submitted medical records pertaining to the period between November 28, 2007, and April 21, 2008 (Tr. 423-427). On November 28, 2007, plaintiff presented to Methodist Medical Center with chest pain (Tr. 425). Dr. Yaw Otchere-Boateng observed that plaintiff's diabetes was not well controlled (Tr. 425). Cardiologist Dr. Mouhayar opined that plaintiff has recurrent angina, congestive heart failure, acute renal disease, diabetes, poorly controlled hypertension and anemia (Tr. 425). A nephrology specialist opined that plaintiff had progressive chronic kidney disease with acute renal failure. Arrangements were made for plaintiff to start outpatient dialysis (Tr. 425). A letter from Dr. Ashutosh Singh "To Whom It May Concern" dated April 21, 2008, stated that plaintiff was seen on November 27, 2007, for "new onset endstage renal disease", for which plaintiff received hemodialysis treatment for several hours, three days a week (Tr. 423). He stated that plaintiff was a long-term candidate for dialysis and that plaintiff felt debilitated after dialysis (Tr. 424).

Plaintiff argues that the medical evidence submitted after the ALJ's second, and final, decision supports a finding that he is disabled and entitled to benefits or, in the alternative, for

remand to the Agency for consideration of that evidence under the sixth sentence of 42 U.S.C. § 405(g).

This additional medical evidence may not be considered as part of a substantial evidence review of the ALJ's decision. However, a remand to the Agency for consideration of the additional evidence may be appropriate if the requirements of sentence six of 42 U.S.C. § 405(g) have been met.

A court may remand a case and "other additional evidence to be taken before the Commissioner of Social Security . . . upon a showing that there is new evidence which [was] material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Hollon ex. rel Hollon v. Commissioner of Social Security 447 F.3d 477, 482 (6th Cir. 2006). Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). A claimant will satisfy the requirement that the evidence is material is "there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore v. Secretary of Health & Human Services, 865 F.2d 709, 711 (6th Cir. 1988). Good cause exists when a claimant demonstrates a reasonable justification for failing to acquire and present the evidence for inclusion in the ALJ hearing. Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (citing Willis v. Secretary of Health & Human Services, 727 F.2d 551, 554 (6th Cir. 1984)). Finally, "the burden of showing that a remand is appropriate is on the claimant." Foster, 279 F.3d at 357 (citing Oliver v. Secretary of Health & Human Services, 804 F.2d 964, 966 (6th Cir. 1986)).

Plaintiff has demonstrated that the additional evidence submitted to the Appeals Council is material. The additional evidence relates to plaintiff's hospitalization on November 27, 2007, one month after the ALJ's decision, for what was described as "new onset endstage renal disease" (Tr. 362). It also includes a letter from Dr. Singh dated April 21, 2008, stating that Plaintiff was seen on November 27, 2007, for new onset endstage renal disease for which plaintiff received hemodialysis treatment for several hours, three days a week.

Plaintiff contends, and the Court finds, that the evidence concerning his new onset endstage renal disease is material, despite the fact that it pertains to the period after the ALJ's decision. This is because it is related to his diabetes and hypertension which existed prior to the ALJ's decision. The Commissioner argues that the medical evidence in question is evidence only of a deteriorating condition which existed at the time of the ALJ's decision. Based on the record before it, the Court is not convinced, and would prefer to have that determination made on remand.

That being said, it is not certain that the record establishes disability. Certain parts of the record are troubling in light of the alleged refusal or inability of the plaintiff to comply with medical recommendations and dietary restrictions (Tr. 146-147, 195, 203).

It is **RECOMMENDED** that this case be **REMANDED** to the defendant Commissioner for further proceedings consistent with this Report and Recommendation. To that end, it is **RECOMMENDED** that the plaintiff's Motion For Summary Judgment [Doc. 11] be **GRANTED** only for remanding the case as aforesaid. It is also **RECOMMENDED** that the defendant's Motion For Summary Judgment [Doc. 19] be **DENIED**.[1]

Respectfully submitted,


s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).